UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM MERCER,

       Petitioner,

Case No. 08-20265

Honorable John Corbett O'Meara

v.

UNITED STATES OF AMERICA,

       Respondent.

                                                         /

**ORDER DENYING**
**PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

This matter came before the court on petitioner William Mercer's January 2, 2014 motion to vacate, set aside or correct sentence under 29 U.S.C. § 2255. The government filed a response February 20, 2014. No reply was filed, and no oral argument was heard.

**BACKGROUND FACTS**

Petitioner William Mercer was indicted March 11, 2010, for violating 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, conspiracy to possess with intent to distribute five or more kilograms of cocaine. Attorney Lawrence J. Bunting was appointed to represent Mercer. On July 20, 2011, the government filed a Notice of Penalty Enhancement pursuant to 21 U.S.C. § 851, specifying that on or about June 5, 1992, Mercer had been convicted and sentenced to a felony drug conviction involving the possession with intent to deliver cocaine. The notice advised Mercer that if he were convicted on Count I of the Indictment, the statutory minimum term of imprisonment increased to 20 years, and the statutory maximum term increased to life imprisonment.

On July 26, 2011, Mercer was arraigned on the § 851 Information, completed and signed a guilty plea questionnaire acknowledging he was aware of the mandatory 20-year minimum, and

entered a guilty plea pursuant to a signed, written Rule 11 plea agreement which specified the applicability of the statutory 20-year minimum sentence. At the same time, Mercer waived his right to appeal his conviction and sentence.

The Presentence Investigation Report ("PSR") calculated Mercer's total offense level at 31, with a Criminal History Category III, and an advisory guideline range of 135-168 months. The PSR also specified that a statutory 20-year mandatory minimum sentence was applicable. Mercer was sentenced October 26, 2011, to the mandatory minimum term of 240 months and 120 months of supervised release, concurrent to a separate state court sentence.

Despite the appeal waiver provision explicit in his Rule 11 plea agreement, Mercer filed notice of appeal of his sentence. The United States Court of Appeals for the Sixth Circuit affirmed this court's judgment and found that Mercer was aware of the sentencing enhancement and that his guilty plea was voluntary.

Petitioner Mercer now moves the court to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, alleging that his court-appointed counsel was ineffective for the following three reasons: 1) failing to advise Mercer of his right to challenge the § 851 enhancement; 2) failing to object to the calculation of Mercer's criminal history points, and 3) failing to consult with Mercer regarding the grounds for appeal or to investigate the validity of the conviction underlying the § 851 enhancement.

**LAW AND ANALYSIS**

A petitioner bears the burden of articulating sufficient facts warranting relief under § 2255. O'Malley v. United States, 285 F.2d 733, 735 (6th Cir. 1961). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007). In this case the court finds an evidentiary hearing is not required.

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish unreasonable performance and prejudice. Petitioner must show that (1) "counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that but for the deficiency, the outcome of the proceedings would have been different." Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003). If the court concludes that the petitioner fails to meet either prong of this test, it need not consider the other. Strickland v. Washington, 466 U.S. 668, 687 (1984).

In Strickland, the United States Supreme Court stated that counsel is "strongly presumed" to have "rendered adequate assistance and made significant decisions in the exercise of reasonable professional judgment." Id. at 690. To show prejudice under the second prong of the Strickland test, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. At the plea stage, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In this case petitioner Mercer argues that he entered a guilty plea "without an actual understanding of his sentencing exposure and without adequate information regarding the ramifications of the enhancement provision of 21 U.S.C. § 851." Mot. at 10-11. Mercer alleges he was "ambushed" because his attorney "assured him" he would receive a guideline sentence. Id. at 12. However, Mercer's allegations are contradicted by the record. A review of the guilty plea transcript confirms that Mercer was fully aware of the applicability of the 20-year mandatory minimum sentence. See Hearing Tr. at 3, 4, 5-6, 11, 12, 13, and 15.

Furthermore, the appellate court rejected Mercer's contentions that he was ambushed or unaware of the statutory penalties he faced upon a entering a guilty plea.

> The record, therefore, affirmatively demonstrates that, at the time of his plea, Mercer understood his constitutional rights, the nature of the crime charged, and the consequences of the guilty plea, including the minimum sentence he could receive. Mercer's claimed ignorance of the twenty-year statutory mandatory minimum sentence at his sentencing hearing three months later does not invalidate his plea.

Dec. 12, 2012 Order at 3-4. To the extent Mercer's claim was decided on direct appeal, he cannot use a § 2255 motion to relitigate issues that were previously presented and decided. Wright v. United States, 182 F.3d 458, 467 (6th Cir. 1999).

Petitioner Mercer also asserts that his counsel was ineffective for failing to advise him that he had a right to challenge the underlying conviction. However, in this case the statute bars the collateral attack of a qualifying conviction that occurred more than five years before the filing of the § 851 Information. 21 U.S.C. § 851(e). In addition, Mercer claims he would have been eligible for the safety valve provision set forth in U.S.S.G. § 5C1.2; however, he has failed to allege any facts to show that his attorney's decision not to challenge the criminal history was objectively unreasonable or that any challenge was likely to be successful.

Finally, Mercer claims that his attorney was ineffective in handling his appeal. However, before addressing the merits of Mercer's claim, it is important to note that the waiver provision of his Rule 11 plea agreement precluded his right to appeal constitutional violations occurring prior to his pleading guilty. The only issue he was permitted to challenge was whether his plea was voluntary. As stated earlier, the appellate court has determined that his plea was voluntary and that there are no arguable grounds for appeal.

Notwithstanding the appeal waiver, Mercer's counsel filed a notice of appeal and filed an appellate brief. An appointed counsel "may conclude that an appeal would be frivolous and request that the appellate court allow him to withdraw or that the court dispose of the case without the filing of a merits brief." Anders v. California, 386 U.S. 738 (1967). In this case Mercer's counsel filed such a request to allow him to withdraw as counsel, and it was granted by the appellate court. There being no grounds to find ineffective assistance of counsel in this matter, the court must deny petitioner Mercer's motion.

## **ORDER**

It is hereby **ORDERED** that petitioner William Mercer's January 2, 2014 motion to vacate, set aside or correct sentence is **DENIED.**

                                        s/John Corbett O'Meara
                                        United States District Judge

Date:  August 18, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 18, 2014, using the ECF system and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager