UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                            Case No. 08-20265
                                                             Hon. Mark A. Goldsmith

vs.

WILLIAM MERCER,

        Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT WILLIAM MERCER'S MOTION FOR COMPASSIONATE RELEASE (Dkts. 128, 130) WITHOUT PREJUDICE, AND DENYING HIS REQUEST FOR COUNSEL (Dkt. 134) WITHOUT PREJUDICE**

This matter is before the Court on William Mercer's motion for compassionate release (Dkts. 128, 130) and his request for counsel to assist him with his compassionate release motion (Dkt. 134). Because Mercer has not exhausted his administrative remedies, his motion for compassionate release must be denied without prejudice. Additionally, because there does not appear to be any basis for compassionate release under the First Step Act at this time, his request for counsel will also be denied without prejudice.

Mercer seeks compassionate release under the First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194. The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences, United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Generally, federal courts cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth

in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Before seeking compassionate release from federal courts, however, prisoners must "fully exhaust[ ] all administrative rights" or else they must wait for 30 days after the warden's "receipt of [their] request." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit recently held, among other things, that there are no statutory exceptions to this exhaustion requirement. United States v. Alam, 960 F.3d 831, 835-836 (6th Cir. 2020). When faced with an unexhausted motion for compassionate release, district courts must dismiss the motion without prejudice. See id. at 836 ("If (rather than dismissing) we sat on untimely compassionate release motions until the 30-day window ran its course, we could end up reviewing stale motions.").

Mercer has not fully exhausted his remedies. In his reply brief, Mercer attached the warden's response to his request for home confinement under the Elderly Offender Program, see Warden Response, Ex. A to Reply (Dkt. 136), which the warden approved. However, seeking home confinement under the Elderly Offender Program is not the same thing as seeking compassionate release under § 3582(c). Therefore, in light of the Sixth Circuit's clear instruction on exhaustion, Mercer's motion for compassionate release (Dkts. 128, 130) must be dismissed without prejudice. Additionally, because Mercer appears to have been approved for home confinement, and there appears to be no basis to appoint counsel at this time, his request to appoint counsel (Dkt. 134) is dismissed without prejudice.

SO ORDERED.

Dated: October 26, 2020          s/Mark A. Goldsmith
       Detroit, Michigan          MARK A. GOLDSMITH
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2020.

                                          s/Karri Sandusky
                                          Case Manager